# Margaret E. Moseby's Appeal.

Under the facts of this case, *held*, that a judgment, which was marked satisfied on the record, was not entitled to participate in the distribution of a fund produced by the sheriff's sale, notwithstanding the parol evidence in the case.

(Decided October 4, 1886.)

Appeal from a definitive decree of the Common Pleas of Fulton County distributing the proceeds of a sheriff's sale of real estate. Affirmed.

The following facts appeared before John P. Sipes, auditor to distribute the fund:

On June 6, 1885, the sheriff of Fulton county sold at public sale a tract of land as the real estate of W. L. Moseby, for $2,000, which is the fund in court for distribution. This tract

was conveyed December 3, 1883, by W. L. Moseby and wife to Mrs. Sarah J. Fillman, wife of Jacob Fillman, and was reconveyed by the said Sarah J. Fillman and Jacob Fillman to the said W. L. Moseby, by deed dated March 16, 1885.

At the time of the sheriff's sale there were five judgments which were claimed to be liens against the property; the first two, which were judgments against W. L. Moseby, were paid in full out of the fund; the third was a purchase money judgment of W. L. Moseby against Sarah J. Fillman and Jacob Fillman for $363, entered December 5, 1883; the fourth was a purchase money judgment between the same parties for $364.50, entered December 6, 1883; the fifth was a judgment of Patterson, Renshaw, & Company against Jacob Fillman, entered February 14, 1884, upon which judgment a fi. fa. had been issued, prior to the sheriff's sale, against Jacob Fillman and W. L. Moseby, terretenant, and a levy made.

On March 14, 1885, W. L. Moseby assigned the two purchase money judgments to his wife, Margaret E. Moseby; and on April 14, 1885, all the real estate of Mrs. Fillman bound by the lien of said two judgments was released therefrom by Mrs. Moseby, and the judgments as to Mrs. Fillman marked "satisfied" on the record.

Mrs. Fillman had not sufficient separate estate to enable her to purchase the property upon her own credit; and it was conceded upon the argument that it was a purchase by her husband, Jacob Fillman.

W. L. Moseby testified before the auditor: "When I repurchased the property from Sarah J. Fillman and her husband, Jacob Fillman agreed to pay the two judgments which Mrs. Moseby then held; and, until they were paid, they were to remain liens against Jacob Fillman. When I assigned the judgments to Mrs. Moseby, it was for a valuable consideration."

The auditor found as to the two judgments of Mrs. Moseby that "The fact of actual payment is not denied nor in any way disputed." He accordingly distributed the fund, after the payment of costs, to the uncontested judgments and to the judgment of Patterson, Renshaw, & Company, leaving a balance undistributed, and excluding the two judgments of Mrs. Moseby.

Mrs. Moseby filed exceptions to the distribution: (1) That the auditor erred in distributing any part of the fund to the judgment of Patterson, Renshaw, & Company, and (2) in not distributing the balance remaining after paying the costs and the first two judgments to her judgments against Jacob Fillman. No exception was filed as to the findings of facts by the auditor. The court, McLean, P. J., overruled the exceptions and confirmed the report.

The assignments of error specified the distribution of any part of the fund to the judgment of Patterson, Renshaw, & Company; the exclusion of the judgments of Margaret E. Moseby against Jacob Fillman; and the decree of the court dismissing the appellant's exceptions and confirming the report of the auditor.

*W. Scott Alexander* and *R. Bruce Petriken,* for appellant.— The auditor was bound to distribute the fund according to the record of liens as they are found on the judgment docket. Kendig's Appeal, 82 Pa. 68.

In the absence of fraud or collusion, the auditor must treat a judgment as conclusive; he has no right to disregard it or allow any later lien priority over it. Thompson's Appeal, 57 Pa. 175.

Upon the distribution of the proceeds of a sheriff's sale, a subsisting judgment can only be attacked by other creditors collaterally, upon the ground of collusion. Dougherty's Estate, 9 Watts & S. 189, 42 Am. Dec. 326; Lewis v. Rogers, 16 Pa. 18; Thompson's Appeal, 57 Pa. 175; Clark v. Douglass, 62 Pa. 408; Sheetz v. Hanbest, 81 Pa. 102.

Parol evidence is admissible to show that upon a conveyance of the mortgaged premises to the mortgagee the lien of the mortgage was to remain, and to rebut the presumption of a merger by showing an intent to the contrary. Helmbold v. Man, 4 Whart. 410.

"Parol evidence is indisputably proper to rebut a presumption or an equity. 'The meaning of this,' says Professor Greenleaf in his treatise on Evidence, Vol. 1, part 2, chap. 5, pl. 296, 'is, that where a certain presumption would in general be deduced from the nature of an act, such presumption may be repelled by

extrinsic evidence showing the intention to be otherwise.' " GIBSON, C. J., in Bank v. Fordyce, 9 Pa. 278, 49 Am. Dec. 561.

*J. Nelson Sipes* and *W. Rush Gillan,* for appellees.—While as to general creditors the title to the real estate sold was in Jacob Fillman, yet Moseby dealt on the basis of the title being in the wife, and he must be held to the legal consequences of the same.

The assignment of the judgments by Moseby to his wife is a subterfuge and a scheme for cheating the creditors of Fillman. It was an attempt to keep alive these judgments to the prejudice of subsequent lien creditors, which, in the absence of other interests which require them to be kept alive for their protection, cannot be done. Lovrin v. Humboldt Safe Deposit & T. Co. 113 Pa. 6, 17 W. N. C. 488, 3 Cent. Rep. 590, 4 Atl. 191.

PER CURIAM:

This fund was correctly distributed. The auditor found as to the judgments on which the appellant claims that "The fact of actual payment is not denied, nor in any way disputed." It is undoubtedly true that parol evidence is admissible to rebut a presumption or any equity, yet all the evidence in this case is insufficient to postpone the claim of the appellees or to rebut their equities. The appellant is not in a position to successfully claim this fund.

Decree affirmed and appeal dismissed, at the costs of the appellant.